Filed 11/17/15  P. v. Espinoza CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ESPINOZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B263048<br>(Super. Ct. No. 2012040414)<br>(Ventura County) |

Daniel Espinoza was charged with street terrorism (Pen. Code, § 186.22, subd. (a)),[1] attempted murder (§§ 187, subd. (a), 664), second degree robbery (§ 211), and assault with a semiautomatic firearm (§ 245, subd. (b)).  In addition, it was alleged that he personally used a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (d)), inflicted great bodily injury (§ 12022.7, subd. (a)), and committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).  A jury found him guilty on all counts and found the special allegations to be true.  The trial court sentenced him to state prison for a determinate term of seven years for the attempted murder plus a consecutive ten years for the gang enhancement and a 25-year-to-life indeterminate term for the gun use enhancement.  The trial court imposed and stayed sentences on the remaining counts. (§ 654.)  He was awarded 941 days of presentence custody credit.

---

[1] All statutory references are to the Penal Code.

Espinoza is a member of the Colonia Chiques gang. One evening, he and other gang members were drinking beer at a house in Oxnard. They ran out of beer. Because they had no money, they formulated a plan for a "beer run"—going to a liquor store, grabbing beer, and running away without paying for it.

Gang member Josue Vasquez drove Espinoza and another gang member, Jorge Soto, to Doc's Liquor. Espinoza and Soto went inside. They went to the back of the store and each picked up two cases of Tecate beer.

The store employees, Jagdeep Singh and Miguel Zecua, were suspicious. When Espinoza and Soto started to walk out of the store without paying, Singh jumped over the counter with a baseball bat and instructed them to go to the cash register. Espinoza and Soto agreed to pay and walked up to the register.

As Zecua rang up the beer, Singh asked for identification. Soto said he did not have any. Espinoza stated, "I have it. Let me get it out of my pocket." Instead, however, he pulled out a small handgun and pointed it at Singh, who ran out of the store. He then pointed the gun at Zecua and attempted to walk out of the store with the beer.

Zecua, not believing that the gun was real, jumped over the counter to detain Espinoza. A struggle ensued in which Zecua grabbed the hand Espinoza was using to hold the gun and Soto tried to pull him off. As the struggle continued, Espinoza, still holding the gun, pulled the slide on the top and prepared to fire. It discharged. Zecua was struck in the stomach and fell to the ground. Espinoza picked up one of the cases of beer and left. He was apprehended by the police after an officer recognized him from the store's surveillance video.

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On September 8, 2015, we notified Espinoza that he had 30 days in which to advise us of any claims he wished us to consider. No response has been received.

We have reviewed the entire record and are satisfied that Espinoza's attorney has fully complied with his responsibilities and that no arguable issues exist.

2

(*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.